FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 22, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DERYK ALEXANDER DONATO,<br>Defendant. | No. 1:17-CR-02051-SAB-1<br><br>**ORDER DENYING AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before the Court is Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 108. Defendant is represented by Dustin Marcello. The United States is represented by Ian L. Garriques. The Motion was considered without oral argument.

On February 21, 2018, Defendant pled guilty to (1) Voluntary Manslaughter in violation of 18 U.S.C. §§ 1112 and 1153, (2) Assault with Intent to Commit Murder in violation of 18 U.S.C. §§ 113(a)(1) and 1153, and (3) Discharge of a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

On October 11, 2018, the Court sentenced Defendant to 135 months on Counts 1 and 2, to run concurrently, and 165 months on Count 3, to run consecutively to Counts 1 and 2.

//

//

Defendant filed a direct appeal on October 31, 2018. On February 4, 2019, Defendant's voluntarily dismissed his appeal, based on prior counsel's advice that the issues would be better addressed through proceedings under 28 U.S.C. § 2255.

On July 28, 2023, Defendant filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. On August 9, 2023, the Court denied the motion with leave to amend and appointed counsel to assist with the amended motion. No amended motion was filed by counsel.

Defendant filed another pro se § 2255 Motion on March 5, 2026, which was denied with leave to amend, and present counsel was appointed to assist Defendant with filing an amended motion.

28 U.S.C. § 2255 provides that a prisoner under a custodial sentence may move to vacate, set aside, or correct their sentence if (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). § 2255 requires an evidentiary hearing unless the motion and files and records of the case conclusively establish that Defendant is not entitled to relief. 28 U.S.C. § 2255(b).

A § 2255 claim is subject to a 1-year limitations period which runs from the latest of: "(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f). Courts may equitably toll the

limitations period if extraordinary circumstances materially interfered with the defendant's ability to pursue collateral relief and the defendant continued to pursue their rights. *United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004); *Smith v. Davis*, 953 F.3d 582, 599 (9th Cir. 2020).

Defendant's original § 2255 motion was filed outside of the limitations period. His conviction became final in 2019 following dismissal of his appeal, and his original § 2255 motion was not filed until July 28, 2023.

Defendant requests the Court equitably toll the limitations period as he was operating under the understanding that prior counsel would handle the filing of the § 2255 motion within the applicable limitations period. Defendant asserts that he did not consciously choose or consent to abandoning his claims, and the Court granted several extensions of relevant deadlines and granted Defendant leave to amend each time he tried to file a pro se motion. Further, Defendant asserts that, during the applicable timeframe, he was in state custody while defending a separate murder prosecution, was housed for substantial periods under highly restrictive conditions including a 23 hour a day lockdown, experienced institutional restrictions associated with the COVID-19 pandemic, and was transferred for a mental health evaluation, all of which impacted his ability to pursue and participate in timely § 2255 proceedings.

The Court finds good cause to equitably toll the limitations period and treat the Motion as timely.

Turning to the substance of his § 2255 Motion, Defendant asserts that his guilty plea was not knowingly and voluntarily entered because he did not understand the essential elements of the offenses to which he pled guilty, including the culpable mental state required for conviction. He asserts that, although the elements were recited during the change of plea hearing, he did not understand the substantive meaning of the mens rea requirement or the conduct necessary to satisfy that element, and therefore did not understand the nature of the offense to

which he was pleading guilty. Defendant asserts that his guilty plea to 1 count of Voluntary Manslaughter, which requires that the defendant kill a victim with reckless and extreme disregard for human life, was not voluntary and knowing because he did not understand the meaning of reckless or extreme disregard.

At the change of plea hearing, the Court explained that the Government was required to prove the essential elements of each offense beyond a reasonable doubt and asked Defendant whether he had discussed that concept with counsel. Defendant answered that he had. Regarding the Voluntary Manslaughter charge, the Court explained that the charge required proof that he unlawfully killed the victim and that, while acting during a sudden quarrel or heat of passion caused by adequate provocation, the Defendant killed the victim "recklessly and with extreme disregard for human life." When asked whether he understood the elements, Defendant confirmed that he did.

Defendant also raises the issue of ineffective assistance of appellate counsel, requesting the Court restore his appellate opportunity. He asserts that appellate counsel provided ineffective assistance by inducing or permitting dismissal of the direct appeal based upon an understanding that § 2255 relief would be pursued, and the anticipated relief was not filed on his behalf. Defendant further asserts that, but for counsel's advice and representations concerning the dismissal and anticipated § 2255 proceedings, he would have continued to pursue his direct appeal. The Court finds that Defendant was not prejudiced by prior counsel's failure to bring a § 2255 Motion as the statute of limitations has been equitably tolled and Defendant's arguments are now being considered as if the Motion was filed on time. Accordingly, the Court declines to address whether Defendant's appellate opportunity regarding his original conviction should be restored.

If a defendant raises an error for the first time in a § 2255 motion, they "must generally show cause for not raising the error sooner and actual prejudice resulting from the error before a court can consider the claim on the merits."

*United States v. Werle*, 35 F.4th 1195, 1199 (9th Cir. 2022). The error at issue is whether Defendant properly understood the culpable mental state required for conviction at the time of his change of plea hearing.

Regardless of whether counsel rendered ineffective assistance during the subsequent appeal and failure to file an earlier § 2255 motion raising these issues, the record reflects that Defendant had ample opportunity to address the issues presented in his Motion before he was sentenced. The Court recited the standard plea colloquy at Defendant's change of plea hearing, explained the charges against him, the elements of those charges, and the Government's burden to prove those elements. The Court confirmed that Defendant understood the elements of the crimes he was pleading guilty to and confirmed that Defendant's original counsel went through these elements with him. An alleged lack of understanding despite Defendant's repeated confirmation under oath that he understood the elements does not provide a legitimate basis for allowing Defendant to revoke his guilty plea. Accordingly, Defendant has failed to establish that he is entitled to § 2255 relief.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 108, is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 22nd day of October 2026.

Stan Bastian
Chief United States District Judge